*437 OPINION.
Maequette:
Tire petitioners received their stocks in the Martha Realty Company and the Terminal Hotel Company by bequest from Julius D. Abeles, who died on August 15, 1920. That date was used by the respondent as a basis for determining gain or loss from the sale of the stocks. Each petitioner, except the estate of Francis Abeles, alleges that the proper date to be used should be November, 1923, the time when the stocks were actually released from the trust created by Julius Abeles and distributed to the legatees.
*438 The Revenue Act of 1926, section 204 (a) (5), provides that in determining gain or loss from the sale of property acquired by bequest, “the basis shall be the fair market value of such property at the time of acquisition.”
In Brewster v. Gage, 280 U. S. 327, the Supreme Court held that upon the death of the owner of personal property his heirs or legatees were immediately vested with the right to respective distributive shares after proper administration; and that a decree of distribution conferred no new right upon the heirs or legatees, but merely identified the property, evidenced their rights of possession, and the legal title so given related back to the date of death of the deceased.
We can see no essential difference, as to the principle involved, between that case and the present proceedings. There, possession and dominion by the legatees was deferred during an indeterminate period of administration; here, possession is postponed for not to exceed a five-year trust period, the legatees meanwhile receiving the income earned by the stocks. We hold, therefore, that the stocks in question were acquired upon the death of Julius D. Abeles on August 15, 1920.
The remaining question concerns the fair market value of those stocks at the time of acquisition. The respondent apparently valued the Martha Realty Company stock at $150 per share on August 15, 1920. In so doing, we think he was in error. We have found as a fact that the value on that date was $340 per share and that amount, therefore, is the proper basis upon which to compute gain derived from sale of the stock.
As to the Terminal Hotel Company stock, we have found that its fair market value on the basic date was $150 per share. The respondent used the same amount in reaching his determination. On that basis his determination should stand.

Judgment will be entered under Rule 50.